UNITED STATES of America

v.

Hamper MATELLIAN, also known as James Matellian.

Cr. No. 62-238-C.

United States District Court
D. Massachusetts.

Oct. 26, 1962.

W. Arthur Garrity, Jr., U. S. Atty., Wm. J. Koen, Asst. U. S. Atty., for United States.

Donald C. A. Kurzon, Whitinsville, Mass., for defendant.

CAFFREY, District Judge.

Hamper Matellian, one of three defendants named in a six-count indictment, has filed a motion to dismiss indictment and a motion for the return of seized property and the suppression of evidence. The motion to dismiss indictment is based on the grounds (1) that illegally obtained evidence was presented to the grand jury which returned the indictment, and (2) that the defendant was arrested on the basis of information obtained through use of a defective search warrant. The motion for return of seized property and the suppression of evidence is based on the grounds that the search and seizure was based on an invalid and defective search warrant.

I find that Edmund J. Coan, an investigator for the Alcohol and Tobacco Tax Division, Internal Revenue Service, United States Treasury Department, filed a sworn application for search warrant with United States Commissioner W. Arthur Garrity, Sr., at Worcester, Massachusetts, on March 30, 1961, and I rule that this application was and is legally sufficient for the issuance of a search warrant. I further find that the search warrant, filed with the papers in this case, was issued to Investigator Coan by Commissioner Garrity on March 30, 1961, and I find that the warrant was executed on March 31, 1961, at 6:00 A.M., and that a copy of the warrant was left at the place of search together with an inventory of property taken pursuant to the attached warrant.

I find on the undisputed evidence that when issued by the Commissioner, the warrant was in identical form to its present appearance in the files of this Court, with the exception that the line immediately above the Commissioner's signature

**234**

bore the date "March 1961" with the space for the specific day in March then being blank. I further find that on March 31, 1961, defendant was arrested under a warrant of arrest issued on the same day by Commissioner Garrity, and that a hearing commenced before Commissioner Garrity on that day was continued to April 7, 1961.

It is undisputed from the evidence that on April 7, 1961, a continuation of the hearing was held at the office of Commissioner Garrity in Worcester; that the Commissioner's attention was invited to the fact that the search warrant had been left blank as to the particular day in March; that the Commissioner informed the defendant's attorney of this fact and asked if any one present objected to insertion of a date; that no one expressed any objection and that on said April 7 the Commissioner inserted the date "30" in the appropriate place therefor on the search warrant.

Rule 36, Federal Rules of Criminal Procedure, provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

Where the record shows without dispute that this search warrant was applied for and issued on March 30 and was executed on March 31, and where the record likewise reflects that defendant was arrested on March 31, 1961 under a warrant of arrest which has not been attacked by defendant, I perceive no substantive or procedural right of defendant to have been denied him, and I do not believe that a purely clerical omission of this type in any way vitiates the legality of the proceedings to date. I rule that the insertion of the figures "30" by Commissioner Garrity was a correction by him of a clerical error in the record arising from oversight or omission, within the provisions of Rule 36,

and I rule that he properly made the correction in the presence of the defendant, his counsel, and counsel for the Government. Cf. Flanagan v. United States, 179 F.2d 703 (6 Cir., 1949).

There is no merit to defendant's contention that the warrant did not describe the premises to be searched with sufficient certainty.

The motion to dismiss indictment and the motion for the return of seized property and the suppression of evidence are denied.